I concur in the result of the court's decision in this case,i.e., the affirmance of the judgment of the trial court that the acceptance and depositing by plaintiff of the "full payment check" sent to it by defendant was in law the accomplishment of an accord and satisfaction of the debt owed plaintiff by defendant. However, I do not concur that § 7-1-207, Code of Ala. 1975, may be applied to alter the common-law principle of accord and satisfaction affecting "full payment checks." This court adhered to the common law in the case of Public NationalLife Insurance Co. v. Highsmith, 47 Ala. App. 488, 256 So.2d 912
(1971). That case was decided after the effective date of the Uniform Commercial Code in this state (December 31, 1966). The absence of mention of § 7-1-207 in that decision does not make the decision any less an expression of the law at this time. Our supreme court, citing the statement of the common-law rule of accord and satisfaction in a long line of cases, held in the case of Boohaker v. Trott, 274 Ala. 12, 145 So.2d 179 (1962), that the acceptance by the creditor of a check offered by the debtor in full payment of a disputed debt is an accord and satisfaction of the debt and no words of protest can affect the legal quality of the act. That was the law when § 1-207 of the Uniform Commercial Code was enacted in this state. The intent of the legislature to change the common law in such cases does not appear from the provisions of the statute. Neither does it appear from the commentary accompanying the statute that the Uniform Commercial Code Committee intended such an effect. I commend for consideration the article by Albert J. Rosenthal titled Discord and Dissatisfaction, § 1-207, of the UniformCommercial Code and published in 78 Colum.L.Rev. 48 (1978). *Page 1125